IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2008

Charles R. Fulbruge III
Clerk

No. 05-51570
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

STEVE MCGARY CARROLL

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-275-4

Before STEWART, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Steve McGary Carroll appeals his guilty plea conviction and sentence for conspiracy to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a), (b)(1)(A) and 846. Carroll argues for the first time on appeal that the district court violated FED. R. CRIM. P. 11 because the court did not advise him of the 10-year statutory minimum sentence under § 841(b)(1)(A). He also argues, as he did in the district court, that the district court violated United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Booker, 543 U.S. 220 (2005), when it sentenced him based upon an amount of drugs greater than that to which he admitted.

Where, as here, a defendant has not objected to a Rule 11 error in the district court, review is for plain error. See United States v. Vonn, 535 U.S. 55, 59 (2002). The transcript of the rearrignment indicates that Carroll was aware of the mandatory minimum sentence under § 841(b)(1)(A). In addition, the presentence report (PSR) correctly stated that the applicable mandatory minimum statutory term of imprisonment was ten years. Accordingly, Carroll cannot show a reasonable probability that, but for the district court's failure to advise him of the mandatory minimum penalty, he would not have pleaded guilty. See United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004); see also Vonn, 535 U.S. at 59.

In Booker, the Supreme Court reaffirmed its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244. The Court also excised 18 U.S.C. § 3553(b)(1) of the Sentencing Reform Act, rendering the Federal Sentencing Guidelines effectively advisory. Id. at 258-59. By rendering the Sentencing Guidelines advisory only, Booker eliminated Sixth Amendment concerns that would otherwise have prohibited sentencing judges from finding all facts relevant to sentencing. United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Thus, even after Booker, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range . . . ." Id.; United States v. Johnson, 445 F.3d 793, 798 (5th Cir.), cert. denied, 126 S. Ct. 2884 (2006). The facts relevant to sentencing include relevant conduct under U.S.S.G. § 1B1.3. United States v. Alonzo, 435 F.3d 551, 553 (5th Cir. 2006). Moreover, "[a] district

court may adopt the facts contained in a [PSR] without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." United States v. Valdez, 453 F.3d 252, 262 (5th Cir. 2006).

The PSR's summary of Carroll's offense conduct was based upon reports from the Texas Department of Public Safety, reports from the Federal Bureau of Investigation, statements from confidential informants, statements from Carroll's co-defendants, and interviews with the case agent. Carroll did not object to the reliability of the PSR, did not present any rebuttal evidence, and has not demonstrated that any information contained in his PSR is unreliable. Carroll's argument that his sentence was unreasonable because his guidelines range was not properly calculated in violation of the Sixth Amendment is without merit. See Alonzo, 435 F.3d at 553-54. Carroll's conviction and sentence are AFFIRMED.